# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GREAT LAKES COMMUNICATION CORPORATION,<br><br>Plaintiff,<br>vs.<br><br>AT&T CORPORATION,<br><br>Defendant. | No. C 13-4117-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER REFERRAL TO FCC OR, IN THE ALTERNATIVE, TO CERTIFY THE REFERRAL ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY PENDING APPEAL** |

_____

This case is before me on plaintiff GLCC's September 9, 2015, Motion To Reconsider Or, In The Alternative, To Certify For Interlocutory Appeal And For Stay Pending Appeal (docket no. 212). The order that GLCC asks me to reconsider, certify for interlocutory appeal, and stay is my June 29, 2015, Memorandum Opinion And Order Regarding Referral To The FCC Under The Primary Jurisdiction Doctrine (Referral Order) (docket no. 183). Defendant AT&T filed its Opposition (docket no. 214), opposing GLCC's Motion in its entirety, on September 28, 2015. I conclude that GLCC is not entitled to any of the relief that it requests in its Motion.

First, as AT&T argues, I do not have jurisdiction to reconsider the Referral Order, where GLCC filed a Notice Of Appeal (docket no. 210) concerning that Referral Order on August 28, 2015, prior to filing its Motion To Reconsider that Referral Order on September 9, 2015. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("Once a notice of appeal is filed, the district court is divested of

jurisdiction over matters on appeal. For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed." (internal citations omitted)); *Liddell v. Board of Educ.*, 73 F.3d 819, 822–23 (8th Cir. 1996) (as a general rule, once a notice of appeal is filed, the district court has no jurisdiction to reconsider its prior decision); *see also International Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1107 (8th Cir. 2004) (explaining that, when counsel was unable to file a motion to reconsider electronically, because the electronic system purportedly was not working properly, counsel could have manually filed the motion to reconsider, rather than electronically filing a notice of appeal, which divested the district court of jurisdiction); *Von Kahl v. United States*, 242 F.3d 783, 787 (8th Cir. 2001) (considering claims first made in a motion to reconsider that was filed after the movant's notice of appeal "to be dead on arrival" (citing *Liddell*, 73 F.3d at 822-23)). GLCC's appeal is not so patently "frivolous" that I may simply proceed with the case, notwithstanding GLCC's Notice Of Appeal. *See id.*

Second, even if I were convinced that I had jurisdiction to consider GLCC's Motion To Reconsider, I would not grant GLCC any relief on reconsideration. GLCC has shown me nothing that would convince me that my Referral Order was manifestly erroneous as a matter of fact or law. *See Bradley Timberland Resources v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) ("A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence' after a final judgment." (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), with citations and quotation marks omitted)). Rather, GLCC simply rehashes arguments that I have already rejected or—at most—cites additional authorities that it contends support its prior arguments.

Third, I do not agree with GLCC that my Referral Order is appropriate for interlocutory appeal. A district court may certify an order for interlocutory appeal under

28 U.S.C. § 1292(b) only where "it is of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (per curiam) (internal quotation marks omitted). These requirements are jurisdictional, and the court cannot allow an interlocutory appeal unless each of them is met. *Id*. at 645–46. As AT&T contends, the Referral Order did not involve a controlling question of law; rather, it involved the question of *whether to refer to the FCC* controlling questions of law, policy, and technical construction. GLCC's failure to satisfy the first requirement dooms its request for certification of an interlocutory appeal. *Id*.

Finally, where I find that certification of an interlocutory appeal is inappropriate, there is no basis for a stay of proceedings pending such an appeal.

THEREFORE, plaintiff GLCC's September 9, 2015, Motion To Reconsider Or, In The Alternative, To Certify For Interlocutory Appeal And For Stay Pending Appeal (docket no. 212) is **denied in its entirety**.

**IT IS SO ORDERED**.

**DATED** this 7th day of October, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA